## COMMONWEALTH, EX REL. v. WM. HILL.

### ERROR TO THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY.*

Argued June 6, 1889—Decided June 28, 1889.

The provision of § 2, act of May 24, 1887, P. L. 194, that licenses of wholesale dealers in liquors "shall be granted only by the Court of Quarter Sessions of the proper county, in such manner as is provided by existing laws," is constitutional and operates to repeal the provisions of the act of April 3, 1872, P. L. 843, relating to the sale of liquors in Allegheny county, so far as they authorize such licenses to be granted by the county treasurer.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 128 October Term 1889, Sup. Ct., (W. D.); court below, No. 618 June Term 1889, C. P.

On May 8, 1889, a petition was presented in the name of the commonwealth, ex relatione William F. Kaiser, which averred:

That the relator was a citizen of the United States, of temperate habits and good moral character; that on May 1, 1889, he had applied to William Hill, treasurer of Allegheny county, for the issuing of a license to him to sell vinous, spiritous, distilled, malt and brewed liquors and admixtures thereof, as a vender and wholesale dealer, in quantities not less that one quart, at his store and place of business, situate at No. 321 Fifth avenue, in the 7th ward of the city of Pittsburgh, in said county of Allegheny, under and pursuant to the provisions of

---

* This case, also, though belonging to the Western District, is reported here on account of its relation to the license cases preceding and following.

Argument.

the act of assembly, entitled "An act to regulate the sale of intoxicating liquors in the county of Allegheny," approved April 3, 1872, P. L. 843, and the supplement thereto, approved April 4, 1873, P. L. 516, and the supplement approved April 10, 1873, P. L. 601, and tendered the license fee of $100, provided by said act of 1872 for a dealer of the tenth class, together with the fee of one dollar and his bond in the sum of $2,000, as also provided for by said act of 1872, and supplements, with sureties satisfactory to said county treasurer, and in all respects complied with the provisions of the said acts regulating the issuing of licenses in Allegheny county, and demanded that a license issue to him; and that the county treasurer refused to issue a license solely because he had no legal authority to do so. The petition prayed for a mandamus to compel the county treasurer to issue the license.

Upon the filing of said petition a rule was granted upon William Hill, treasurer, to show cause why an alternative writ of mandamus should not issue.

On May 16, 1889, the respondent filed an answer admitting the facts set forth in the petition but averring that since the passage of the act of May 24, 1887, P. L. 194, entitled, "An act providing for licensing of wholesale dealers in intoxicating liquors," he had no authority or power under the law to issue any such license to sell liquor as that demanded by the relaior.

On May 18, 1889, the cause having been heard upon petition and answer, the court, STOWE, P. J., ordered and adjudged "that the said petitioner has no right in law, to have the writ prayed for allowed," and the rule therefor was discharged. Thereupon the relator took this writ, specifying that the court erred in entering judgment in favor of the defendant and refusing the writ prayed for.

*Mr. Morton Hunter,* for the plaintiff in error:

The provision of § 2, act of May 24, 1887, P. L. 194, that "licenses shall be granted only by the Court of Quarter Sessions of the proper county, in such manner as is provided by existing laws," is in direct conflict with § 6, article III., of the constitution: Titusville Iron Works v. Keystone Oil Co., 122 Pa. 727; Barnett's App., 116 Pa. 486; East Grant Street, 121 Pa. 596; Frost v. Cherry, 122 Pa. 417; Ayars' App., 122 Pa.

266. It is also in conflict with § 7, article III., of the constitutution: Montgomery v. Commonwealth, 91 Pa. 125; Frost v. Cherry, 122 Pa. 417; Morrison v. Bachert, 112 Pa. 322. It is also in conflict with § 3, article III., of the constitution: Hatfield v. Commonwealth, 120 Pa. 395. Being unconstitutional, the act of April 3, 1872, P. L. 843, to regulate the rule of intoxicating liquor in Allegheny county, remains in full force: Kilgore v. Commonwealth, 94 Pa. 495; Commonwealth v. McCallin, 10 W. N. 520.

OPINION, MR. CHIEF JUSTICE PAXSON:

For the reasons given in Pollard's Petition, just decided,

This judgment is affirmed.